

**THE CITY OF NEW YORK**

**ZACHARY W. CARTER**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JENNY WENG**
Senior Counsel
Phone: (212) 356-2648
Fax: (212) 356-3509
Email: jweng@law.nyc.gov

December 1, 2015

**BY E.C.F.**
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Keyshone Jones v. City of New York, et al., 15-cv-6274 (JG) (RML)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced matter.[1]  I write, on behalf of defendant City of New York ("City"), to respectfully request a 60-day extension of time, from December 1, 2015 until February 1, 2016, to answer or otherwise respond to the complaint.  Plaintiff's counsel, Baree Fett, Esq., has consented to this request.  This is defendant City's first request for an extension of time to file an answer or otherwise respond to the complaint.

By way of background, plaintiff, Keyshone Jones, alleges, inter alia, that on November 3, 2014, he was falsely arrested, subjected to unlawful search and seizure, and excessive force.  In addition to the City, plaintiff has named Police Officer Ronald March, along with ten "John Doe" police officers as defendants.  It appears from a review of the docket sheet that Officer March has not yet been served with a copy of the summons and complaint.  A decision concerning this Office's representation of Officer March has not yet been made and accordingly, this request for an extension of time is not made on his.  However, given the time involved in determining the representation of police officers, and in the interest of judicial economy, we hope that the Court may, sua sponte, extend the time to answer on behalf of Officer March.

---

[1] This case has been assigned to Assistant Corporation Counsel Kaitlin Fitzgibbon, who is presently awaiting admission to the bar and is handling this matter under supervision.

Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this Office time to receive the executed authorizations for the release of the underlying arrest and medical records from plaintiff and forward the authorizations with requests for records to the appropriate agencies and medical facilities. In order to respond to the allegations contained in the complaint, defendant City must obtain documents of the underlying criminal case including Police, Criminal Court and Kings County District Attorney's documents. It is our understanding that these documents may be sealed pursuant to New York Criminal Procedure Law § 160.50. Defendant City cannot obtain these documents without these authorizations, and without the documents, defendant City cannot properly assess this case or respond to the complaint. Accordingly, defendant requires this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

Further, assuming plaintiff effects proper service on Officer March, the extension should also allow time for this Office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent him. See Mercurio v. City of New York, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law).

In light of the above, defendant City respectfully requests that the Court grant defendant City a 60-day extension of time, from December 1, 2015 until February 1, 2016, to answer or otherwise respond to the complaint.

Thank you for your time and consideration in this regard.

Respectfully submitted,

/s/
Jenny Weng
Senior Counsel
Special Federal Litigation Division

cc: Barree N. Fett, Esq.
Harvis & Fett LLP
305 Broadway, 14th Floor
New York, NY 10007