UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

KESHONE JONES,

                              Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer RONALD
MARCH; Police Officer FRANK RUSSO, Shield
No. 13281; Lieutenant ERIC DELMAN; Sergeant
PETER RODESCHIN, Shield No. 3411; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

-----------------------------------------------------------------x

**FIRST AMENDED
COMPLAINT**

15 CV 6274 (PKC)(RML)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and

the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331,

1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff Keshone Jones ("plaintiff" or "Mr. Jones") is a resident of Kings County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Police Officer Ronald March, ("March"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant March is sued in his individual and official capacities.

-2-

10.     Defendant Police Officer Frank Russo, ("Russo") Shield No. 13281, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Russo is sued in his individual and official capacities.

11.     Defendant Lieutenant Eric Delman, ("Delman"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Delman is sued in his individual and official capacities.

12.     Defendant Sergeant Peter Rodeschin, ("Rodeschin") Shield No. 3411, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Rodeschin is sued in his individual and official capacities.

13.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

14.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16.    At approximately 11:00 a.m. on November 3, 2014, Mr. Jones was lawfully riding as a passenger in a friend's vehicle in the vicinity of Sheffield Avenue and Linden Boulevard in Brooklyn, New York.

17.    Having been picked-up by a friend from the airport, and on his way home, defendants stopped the vehicle in which plaintiff was traveling.

18.    Defendants ordered Mr. Jones out of the vehicle, searched him on the street and detained him.

19.    Without probable cause or reasonable suspicion to believe Mr. Jones had committed any crime or offense, defendants tightly handcuffed plaintiff and took him to the 75th Precinct.

20.    At the Precinct, defendants interrogated Mr. Jones without advising him of his right to silence under *Miranda*.

21.    Mr. Jones' cellphone and luggage was confiscated and illegally searched.

22.    After being processed and charged with multiples crimes, including two felonies, Mr. Jones was released from the Precinct without so much as a ticket.

23.    Mr. Jones was incarcerated for approximately three hours.

24.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

25.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

26.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

27.     Mr. Jones suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation and damage to his reputation.

## FIRST CLAIM
### Unlawful Detention and Search

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they detained and searched plaintiff without reasonable suspicion.

30.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

34.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

36.     Plaintiff was conscious of his confinement.

37.     Plaintiff did not consent to his confinement.

38.     Plaintiff's confinement was not otherwise privileged.

39.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

40.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### State Law Assault and Battery

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

43.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

44.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Negligent Hiring, Training & Retention

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

47.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

48.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

49.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

50.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## Negligent Infliction of Emotional Distress

51.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.   By reason of the foregoing, and by assaulting, battering and failing to prevent other defendants from doing so, or causing an unlawful seizure and detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

53.   The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

54.   Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

55.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

56.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

59.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:       May 18, 2016
             New York, New York

HARVIS & FETT LLP

_____

Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@civilrights.nyc

*Attorneys for plaintiff*